## THE WESTERN WORLD.

## BAIBIENE & ANTONINI, Limited, v. MUNSON S. S. LINE.

District Court, S. D. New York.
Dec. 16, 1933.

## DELCO–REMY CORPORATION v. PREFERRED ELECTRIC & WIRE CORPORATION.

Nos. 6388, 6389, 6391–6393, 6526.

## SAME v. P. SORENSEN MFG. CO., Inc.

Nos. 6399, 6400, 6402–6404, 6527.

## SAME v. AUTOMOTIVE SPECIALTY CORPORATION.

Nos. 6407, 6408, 6410–6412, 6693, 6904.

## SAME v. STANDARD MOTOR PRODUCTS CO., Inc.

Nos. 6419, 6420, 6422–6424, 6905.

## SAME v. P. & D. MFG. CO., Inc.

Nos. 6433, 6434, 6436–6438, 6800.
District Court, E. D. New York.
March 20, 1934.

437

Cooper, Kerr & Dunham, of New York City, for plaintiff.

Schechter, Lotsch & Sulzberger, of New York City, for defendants, Preferred Electric Corporation, Automotive Specialty Corporation, and Standard Motor Products Co.

Kenyon & Kenyon, of New York City, for defendants P. Sorensen Mfg. Co., Inc., P. & D. Manufacturing Co.

Theodore S. Kenyon, John L. Lotsch, and W. Houston Kenyon, Jr., all of New York City, of counsel, for defendants in each of these cases.

GALSTON, District Judge.

These are identical motions in thirty-one patent cases now pending in this court against five different defendants.

Plaintiff seeks an order permitting it to file a bill of complaint in the nature of a supplemental bill of complaint, naming the General Motors Corporation plaintiff in the proposed bill.

It appears that on December 30, 1933, and subsequent to the joinder of issue in this case, plaintiff assigned and transferred to the General Motors Corporation all of its business, good will, property, trade-marks, letters patent, etc., including the patents in suit.

The effect of this assignment was to abate the suit. It was said in Automatic Switch Co. v. Cutler-Hammer Mfg. Co. (C. C. A.) 147 F. 250, 251: "The effect of this assignment was to abate the suit. If a sole plaintiff, suing in his own right, assigns his whole interest to another, he is no longer able to prosecute the suit because he is without interest in the litigation. It is unnecessary to refer to any authorities in addition to those cited in our opinion in Ecaubert v. Appleton, 67 F. 917, 15 C. C. A. 73. The suit is completely suspended and cannot be proceeded in till it is revived, and all orders and proceedings pending such abatement will be considered nugatory. After such an abatement, i. e., one caused by assignment of plaintiff's whole interest, the successor in interest, claiming by a title which may be litigated, may revive the suit by an original bill in the nature of a supplemental bill."

Applying the law of that case to the present motion forces the conclusion that the Delco-Remy Corporation, the plaintiff, having divested itself of all interest in the letters patent in suit, is without standing to move since the suit abated as to it.

This same opinion indicates, however, how the successor in interest may proceed after the abatement. It may revive the suit by an original bill in the nature of a supplemental bill.

The difficulty with the practice adopted on this motion is that the party in interest, the General Motors Corporation, has initiated no process. It has not subjected itself to the jurisdiction of the court. It has neither filed a petition for leave to intervene, by availing itself of the provisions of Equity Rule 37 (28 USCA § 723), nor has it filed in this court an original bill in the nature of a supplemental bill.

Accordingly, the motions must be denied. Settle order on notice.